UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

AMERICAN CONTRACTORS
INDEMNITY COMPANY,
a foreign corporation,                                     Case No.:

    Plaintiff,

v.

ARRIAGA STEEL, INC., a Florida corporation, ANTONIO ARRIAGA, MARISOL ARRIAGA, and GEOVANNI ARRIAGA

    Defendants.
_____/

# COMPLAINT

Plaintiff, AMERICAN CONTRACTORS INDEMNITY COMPANY ("ACIC"), through its counsel, sues Defendants, ARRIAGA STEEL, INC. ("ASI"), ANTONIO ARRIAGA, MARISOL ARRIAGA, and GEOVANNI ARRIAGA, and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a) because Plaintiff and Defendants are citizens of different states.

2. ACIC is a Maryland corporation, with its principal place of business in Timonium, Maryland, making it a citizen of Maryland.

3. Upon information and belief, ASI is a Florida corporation with its principal place of business located in North Lauderdale, Broward County, Florida, making it a citizen of Florida.

4. Upon information and belief, Antonio Arriaga is a Florida citizen who resides in North Lauderdale, Broward County, Florida, making him a citizen of Florida.

5. Upon information and belief, Marisol Arriaga is a Florida citizen who resides in North Lauderdale, Broward County, Florida, making her a citizen of Florida.

6. Upon information and belief, Geovanni Arriaga is a Florida citizen who resides in North Lauderdale, Broward County, Florida, making him a citizen of Florida

7. The causes of action alleged herein fall within the jurisdictional limits of the Court because ACIC seeks to recover more than $75,000.00 from the Defendants.

8. Venue is appropriate in this Court because one or more of the Defendants reside in or have their principal place of business within the boundaries of the Southern District of Florida, and because one or more Defendants reside in or have their principal place of business located in one of the counties within the province of the Fort Lauderdale Division of this Court.

## GENERAL ALLEGATIONS

9. As part of its business, ACIC issues payment and performance bonds and stands as surety for construction contractors.

10. In connection with its work, ASI, from time to time, required surety payment and performance bonds.

11. To induce ACIC to issue payment and performance bonds on its behalf, ASI along with Antonio Arriaga, Marisol Arriaga and Geovanni Arriaga (collectively referred to herein at times as the "Indemnitors") entered into an indemnity agreement with ACIC.

12. Specifically, on or about July 5, 2018, the Indemnitors each executed a General Indemnity Agreement ("GIA") in favor of ACIC, its affiliates, and its agents. A true and correct copy of the GIA is attached hereto and incorporated herein as **Exhibit A**.

13. The execution of the GIA, and the Indemnitors' undertaking of the various responsibilities and obligations contained therein, were absolute conditions precedent and prerequisites to ACIC issuing any bonds naming ASI as a principal.

14. According to the GIA, the Indemnitors agreed, among other things, to:

> [J]ointly and severally exonerate, indemnify, keep indemnified, reimburse and save and hold [ACIC] harmless from and against any and all demands, liabilities, losses, costs, damages, attorneys' fees and expenses, investigative fees and expenses, accountants' fees and expenses, engineering and other professional or consultants' fees and expenses of any kind, in-house attorneys' fees and expenses, interest,

court costs and any and all other types of losses, costs or expenses of whatsoever kind or nature, and from and against all such losses, costs or expenses which [ACIC] may sustain or incur or which arise by reason of or in any manner in consequence of, no matter how remotely, any one or more of the following: the execution or procurement by [ACIC] of any Bond; the failure of any Principal or Indemnitor to perform or comply with any and all of the terms, covenants and conditions of this Agreement; the enforcement of any of the terms, covenants and conditions of this Agreement; the conduct of any investigation regarding [ACIC's] alleged obligations or liabilities under any Bond or in connection with any Contract; any attempt by or on behalf of [ACIC] to obtain a release or reduction of [ACIC's] liability or alleged liability under any Bond or Contract; any attempt by or on behalf of [ACIC] to recover any unpaid premium in connection with any Bond; the prosecution or defense of any action or claim of whatsoever kind or nature in connection with any Bond or Contract whether [ACIC], in its sole and absolute discretion, elects to employ its own counsel or, in lieu thereof or in addition thereto, permits or requires any Principal and/or Indemnitor to make arrangements for or assist in [ACIC's] legal representation and protection; the loan or advance of any monies to any Principal or Indemnitor; [ACIC's] attempt to determine, discharge or mitigate its loss or exposure to loss in connection with any Bond or Contract, or to enforce any of its rights pursuant to this Agreement, by suit or otherwise.

15.   The Indemnitors further agreed in the GIA that:

[ACIC] shall have the right, in its sole and absolute discretion, to adjust, settle, prosecute, defend, compromise, litigate, protest, or appeal any claim, demand, suit, award, assessment or judgment on or in connection with any Bond or Bonded Contract.
…

In the event of any payment of any kind by [ACIC], the Principal and Indemnitor further agree that the liability of the Principal and the Indemnitor shall extend to and include, and [ACIC] shall be entitled to charge and recover for, any and all disbursements made by it in Good Faith under the belief that: (I) any Principal or Indemnitor is or has been in default under or pursuant to this Agreement; or (2) [ACIC]

4

was or might be liable to pay the claims asserted or the sums paid, whether or not such liability actually existed; or (3) such payments were or are necessary or expedient, in [ACIC's] sole and absolute discretion, to protect any of [ACIC's] rights or interests or to avoid or lessen [ACIC's] liability or alleged liability, whether or not such liability, necessity or expediency actually existed; and the Principal and Indemnitor further agree, acknowledge and stipulate that, notwithstanding the foregoing or any other provision of this Agreement or any other agreement relating to this Agreement, [ACIC] shall be entitled to the rights and remedies set forth in this Section III, and to all of the benefits of this Agreement, with respect to any liability, payment, loss or cost that is incurred or made by [ACIC] in Good Faith.

16.    The GIA is unequivocal and specific in setting forth the Indemnitors' obligations to:

exonerate, indemnify, keep indemnified, reimburse and save and hold [ACIC] harmless from and against any and all demands, liabilities, losses, costs, damages, attorneys' fees and expenses of any kind, in-house attorneys' fees and expenses, interest, court costs and any and all other types of losses, costs or expenses of whatsoever kind or nature.

17.    ASI thereafter entered into multiple subcontracts (collectively, the "Subcontracts") for which it required payment and performance bonds. Specifically, ASI entered into four (4) separate Subcontracts[1] with Ortega Construction Company, LLC ("Ortega") to perform certain sequenced concrete formwork on floors 2-5 of a construction project commonly referred to as The Fairchild- 3581 E Glenco St., Miami, FL (the "Project").

---

[1] ASI also entered into 3 additional subcontracts with Ortega on the Project that were not bonded by ACIC.

18. At the Indemnitors' request, and in consideration of the Indemnitors' promise to comply with the various terms and conditions of the GIA, ACIC agreed to issue the following payment and performance bonds numbered 1001119257, 1001119304, 1001119316, 1001119328 (collectively, the "Bonds") naming ASI as principal and Ortega as the obligee. Copies of the Bonds are attached hereto and incorporated herein as **Composite Exhibit B**.

19. ACIC has received numerous claims against the Bonds, including: (a) Ortega making claims under the performance bonds based on ASI's allegedly defective or incomplete work on the Project; (b) an indemnity demand by Ortega pursuant to a Fair Labor Standards Act lawsuit (the "FLSA Suit") filed by laborers on the Project against Arriaga and Ortega in which Ortega demanded that, pursuant to the terms of the performance bonds and incorporated bonded Subcontracts, ACIC settle the plaintiffs' claims in the FLSA suit and reimburse Ortega for the fees and costs it incurred in defense of the FLSA Suit (the "Indemnity Claims"). The claims referenced in subparts a-b are sometimes collectively referred to herein as the "Claims."

20. As a result of ASI's failure or refusal to fulfill its performance and/or payment obligations on the Project, ACIC was forced to hire consultants and the undersigned attorneys to respond to, investigate, defend against, and sometimes resolve the various Claims.

21. To date, ACIC has incurred, and will continue to incur, significant losses as a result issuing the Bonds, which losses include: (1) payments made to satisfy the Indemnity Claims; (2) attorneys' fees, consultants' fees, costs and expenses incurred as a result of or in connection with responding to, investigating, and defending against the Claims; and (3) attorneys' fees, consultants' fees, costs, and expenses attempting to enforce ACIC's indemnity and other rights against the Indemnitors.

22. Before filing this action, ACIC demanded that the Indemnitors indemnify it for all amounts and losses it has incurred as a result of issuing the Bonds in the amount of $223,554.00. A true and correct copy of ACIC's demand, and its prior indemnity demands are attached hereto and incorporated herein as **Composite Exhibit C**.

23. After ACIC's demand, ACIC has incurred additional attorneys' fees, costs, and expenses as a result of investigating the numerous allegations and claims referenced above and ACIC's potential exposure with regard to the Project, which are also recoverable from the Indemnitors.

24. Despite ACIC's demand, the Indemnitors have failed and/or refused to comply with ACIC's request for indemnification for the losses ACIC has suffered as a result of issuing the Bonds.

25. The Indemnitors have not reimbursed ACIC for payments made to

satisfy certain of the Claims against the Bonds, or for the attorneys' fees, consultants' fees, costs and other expenses that ACIC has incurred as a result of issuing the Bonds.

26. As a result, ACIC has retained the undersigned attorneys to represent it in this action. ACIC is obligated to pay these attorneys a reasonable fee for their services rendered and such fees must be reimbursed by the Indemnitors under the GIA. The fees, costs, and expenses that ACIC incurs relating to bringing and maintaining this action are separate from the fees, costs, and expenses that ACIC incurred as part of responding to, investigating, defending against and, at times, resolving certain claims on the Bonds and/or the allegations of default on the Project, and other events leading up to the filing of this Complaint.

27. All conditions precedent to maintaining this action have occurred, been excused, or otherwise been waived.

## COUNT I
### (Breach of Contract/Contractual Indemnity)

28. ACIC realleges and incorporates paragraphs 1 through 27 above as though fully set forth herein.

29. The GIA is unequivocal and specific in setting forth the Indemnitors' obligations to:

> exonerate, indemnify, keep indemnified, reimburse and save and hold [ACIC] harmless from and against any and all demands, liabilities, losses, costs, damages, attorneys' fees and expenses, investigative fees

8

and expenses, accountants' fees and expenses, engineering and other professional or consultants' fees and expenses of any kind, in-house attorneys' fees and expenses, interest, court costs and any and all other types of losses, costs or expenses of whatsoever kind or nature.

30. The Indemnitors have committed various breaches and defaults of the GIA, including, but not limited to: (1) failing and/or refusing to resolve or pay the Claims; and (2) failing and/or refusing to indemnify and keep ACIC indemnified from any and all liability for losses and expenses of whatsoever kind or nature that ACIC incurred, or may incur, relating to claims made on the Bonds.

31. As a result of the Indemnitors' breaches and defaults of the GIA, ACIC has suffered damages, including, but not limited to, the following damages: (1) payments made to satisfy the Indemnity Claims; and (2) attorneys' fees, consultants' fees, costs, and other expenses that ACIC has incurred as a result of issuing the Bonds and the Claims made on the same.

32. ACIC is entitled to an award of its attorneys' fees and costs in pursuing this claim according to the GIA.

WHEREFORE, ACIC demands judgment against the Indemnitors, jointly and severally, for damages, prejudgment interest, attorneys' fees, costs and expenses, and such further relief as this Court deems just and proper.

## COUNT II
**(Common Law Indemnity)**

33. ACIC realleges and incorporates paragraphs 1 through 10, 17 through 25, and 27 above as though fully set forth herein.

34. ACIC is without fault for any past, present, or future claims against it as surety for ASI.

35. ACIC had a special relationship with ASI by virtue of issuing the Bonds and acting as ASI's surety.

36. ACIC's liability under the Bonds, if any, is merely technical, secondary, and vicarious to that of ASI, which is actively and completely at fault for, and obligated to timely pay, any underlying liability on the Bonds, including, without limitation, any liability for the Claims.

37. As a direct and proximate result of ASI's failure to honor its obligations, ACIC has incurred and continues to incur damages, losses and expenses, including attorneys' and consultants' fees, costs and expenses, by reason of having executed the Bonds.

38. ASI is liable to ACIC for all damages ACIC sustained or may sustain by reason of having acted as surety for ASI, including, without limitation, all payments ACIC has made to satisfy certain of the Claims, and all attorneys' and consultants' fees ACIC incurs as a result of issuing the Bonds.

39. ACIC's damages will continue to increase as ACIC incurs future

losses and costs, including attorneys' fees.

40. ACIC is entitled to receive its reasonably incurred attorneys' fees pursuant to applicable law.

WHEREFORE, ACIC requests that this Court enter judgment against ASI for damages, attorneys' fees, prejudgment interest, costs, expenses, and such further relief as this Court deems just and proper.

## COUNT III
### (Equitable Subrogation against the Indemnitors)

41. ACIC realleges and incorporates paragraphs 1 through 10, 17 through 25, and 27 above as though fully set forth herein.

42. ACIC was forced to pay a portion of the Claims after ASI and/or the Indemnitors failed and/or refused to do so.

43. ASI and/or the Indemnitors were primarily liable for the Claims under the terms of their Subcontracts and the Bonds.

44. ACIC's liability was merely technical, secondary, and vicarious to that of ASI and/or the Indemnitors, which were actively and completely at fault for the underlying liability for the Claims.

45. ASI, as principal on the various Bonds, was required to pay the Claims.

46. ACIC, having paid to settle the various Claims, is equitably subrogated to the rights against ASI and/or the Indemnitors.

47. ACIC's payments for the Claims were a result of its obligations under the Bonds and to protect its own interests, not as a volunteer.

48. ACIC satisfied the entire amount due and owing relating to the respective bond that ACIC issued.

49. Neither the Indemnitors nor any other third-parties' rights will be harmed by ACIC's subrogation to the rights for the Claims paid.

50. ACIC's damages include, but are not limited to, all sums ACIC has paid to settle the Claims and ACIC's costs and fees incurred to pursue this action.

WHEREFORE, ACIC demands judgment against the Indemnitors for damages, court costs, prejudgment interest, attorneys' fees, and such other relief as this Court deems just and proper.

## COUNT IV
### (Exoneration against the Indemnitors)

51. ACIC realleges and incorporates paragraphs 1 through 10, 17 through 25, and 27 above as though fully set forth herein.

52. ASI has allegedly been unable and/or unwilling to satisfy its obligations on the construction Project to which the Bonds relate by, in part, failing to pay various Claims.

53. ACIC is not attempting to avoid its secondary liability for any of the Claims for the reasonable value of labor, material, services and/or equipment provided on the Project.

54. Instead, ACIC demands that ASI be compelled to fulfill its obligations to ACIC by satisfying the Claims paid and indemnifying ACIC.

55. Under the doctrine of exoneration, ACIC is entitled to have ASI exonerate it for all amounts ACIC has paid and/or incurred as a result of issuing the Bonds, and is, therefore, entitled to an Order from this Court requiring Indemnitors to place funds or other security with ACIC, and for such further amounts as appropriate.

WHEREFORE, ACIC requests that this Court enter an Order compelling ACIC and Indmenitors to exonerate ACIC by fulfilling its primary obligations to for the Claims and to place ACIC in funds sufficient to reimburse it for the losses ACIC has already suffered.

Dated: June 4, 2020.

*/s/ S. Jordan Miller*
S. Jordan Miller, Esq.
Florida Bar No. 69998
MILLS PASKERT DIVERS, P.A.
100 North Tampa Street, Suite 3700
Tampa, Florida 33602
(813) 229-3500  Telephone
(813) 229-3502  Facsimile
jmiller@mpdlegal.com
*Attorneys for American Contractors Indemnity Company*