UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61107-CIV-DIMITROULEAS/SNOW

AMERICAN CONTRACTORS
INDEMNITY COMPANY, a
foreign corporaion,

        Plaintiff,

vs.

ARRIAGA STEEL, INC., a
Florida corporation, ANTONIO
ARRIAGA, MARISOL ARRIAGA,
and GIOVANNI ARRIAGA,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Plaintiff's Motion for Attorney's Fees and Costs (ECF No. 39), which was referred to United States Magistrate Judge Lurana S. Snow for report and recommendation.  The Defendants did not respond to the Motion and a show cause hearing was held on October 13, 2021. Defendant's appeared at the show cause hearing and were given an additional two weeks to file a response to the Motion, but this was never done.  Accordingly, the Motion is ripe for consideration.  Although the Motion could be granted by default, the undersigned also will address the Motion on its merits.

This was an action on an indemnity agreement.  On July 27, 2021, the Plaintiff's Motion for Summary Judgment was granted, and Final Judgment was entered in favor of the Plaintiff. (ECF Nos. 36-37).  The indemnity agreement provides that the indemnitors are liable for attorneys fees and expenses incurred by the Plaintiff to enforce the agreement.  (ECF No. 1-1 at 3, ¶ III)  The Plaintiff seeks an award of attorney's fees in the amount of $33,990.00, representing 93.9 hours of work

at the rate of $275.00 per hour. However, while the billing statements (ECF No. 39-1) reflect the total billed as $33,990.00, this represents 123.6, rather than 93.9 hours of work, and is the figure the undersigned will utilize. The Plaintiff also asks the Court to tax costs in the amount of $421.96, consisting of the $400.00 filing fee and $21.96 in FedEx delivery charges.

## I. DISCUSSION

### A. Attorneys' Fees

This Court must calculate a reasonable attorney fee by utilizing the "lodestar" method described in Hensley v. Eckerhart, 461 U.S. 424 (1983), which held that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," since this computation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Id. at 433.

The party seeking an award of fees should submit evidence supporting the hours worked and the hours claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. A district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Id. at 433-34. Therefore, counsel for the prevailing party "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Id. at 434.

The Eleventh Circuit has adopted the lodestar approach as the method to be used in calculating federal statutory fee awards. Norman v. Housing Auth. of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The court must begin by determining a reasonable hourly rate, which is defined as "the prevailing market rate in the relevant

legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299, citing Blum v. Stenson, 465 U.S. 886, 895 (1984). The applicant bears the burden of proving, by direct or opinion evidence, that the requested rate is in line with prevailing market rates. Norman, 836 F.2d at 1299.

The applicant also bears the burden of documenting his or her time expenditures, and may submit opinions as to their reasonableness. Id. at 1303. However, the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id. Moreover, where billing records are voluminous, "an hour-by-hour analysis of a fee request is not required." Loranger v. Stierheim,10 F.3d 776, 783 (11th Cir. 1994). District courts may make reasonable "across-the-board percentage cuts" instead of engaging in an hour-by-hour analysis of a fee request. Id.

In the instant case, the Plaintiff has complied with the requirements of Local Rule 7.3, which governs motions for attorneys' fees. The Motion states that Jordan Miller, the attorney representing the Plaintiff, has more than 10 years experience and is a partner in the law firm of Mills Paskert Divers. The undersigned finds that the claimed rate of $275.00 per hour is within the range of rates charged in the Southern District of Florida for similar services by lawyers of reasonably comparable skills, experience and reputation. After careful review of Mr. Miller's billing statements (ECF No. 39-1) and the record in this cause, the undersigned further finds that 123.6 hours is a reasonable amount of time to have spent on the case. Therefore, the requested fee award of $33,990.00 should be granted.

B. Costs

Pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920, the Court shall award costs to the prevailing party in a lawsuit. Rule 54(d) creates a presumption in

favor of awarding costs, which the opposing party must overcome. Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991).

Taxable costs are identified in 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The decision to award costs is discretionary with the Court, but the Court may tax items specifically enumerated in § 1920, absent alternative contractual or statutory authority. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

In the instant case, the Plaintiff seeks to tax costs in the amount of $421.96, representing the $400.00 filing fee, which is clearly taxable as a fee of the Clerk, and $21.96 in FedEx charges, which is not taxable under § 1920. However, the $21.96 is recoverable under the terms of the indemnity agreement. Therefore, the claimed costs of $421.96 should be awarded.

## II. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that Plaintiff's Motion for Attorney's Fees and Costs (ECF No. 39) be GRANTED, and that the Plaintiff be awarded attorneys' fees in the amount of $33,990 and costs in the amount of $421.96.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with The Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from a <u>de novo</u> determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice.  <u>See</u> 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985); <u>Henley v. Johnson</u>, 885 F.2d 790, 794 (11th Cir.1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 14th day of January, 2022.

*/s/ Lurana S. Snow*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record and pro se parties